# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16 CR 91

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| PAUL CHARLES LOVINGOOD, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard before the undersigned pursuant to a Violation Report (#11) and an Addendum to Violation Report (#13) filed by the United States Probation Office alleging that Defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that Defendant was present with his counsel, Mary Ann Coleman, and the Government was present through AUSA John Pritchard. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through his attorney, admitted the allegations contained in the Violation Report and in the Addendum. The Government introduced without objection the Violation Report into evidence.

The Defendant was charged in a bill of indictment (#1) filed on August 2,

2016 with willfully and maliciously injuring a structure and real property, said structure and real property being the dwelling house of the victim, in violation of 18 U.S.C. § 1363 and 1152. A hearing was held in regard to the detention of Defendant on August 5, 2016 and on that date the undersigned entered an Order releasing Defendant on a $25,000 unsecured bond. The undersigned further conditions of release which included the following:

(1) The defendant must not violate any federal, state or local law while on release.

(8)(p) Defendant is to refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On August 18, 2016 Defendant submitted to an urinalysis of the purpose of drug testing and the sample tested positive for the use of methamphetamine. Defendant signed a written admission that he had used morphine "two or three days" prior to the urinalysis.

Defendant was charged in Pitt County, NC on October 16, 2016 with identify theft, habitual larceny, and first degree trespassing.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer

-----

>	(1)	finds that there is----
>		(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>		(B) clear and convincing evidence that the person has violated any other condition of release; and
>	(2)	finds that ---
>		(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>		(B) the person is unlikely to abide by any condition or combination of conditions of release.
>
>	If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe Defendant committed a federal and state crime while on release. Defendant possessed methamphetamine so he could consume that substance. That possession violated both federal and state law. 21 U.S.C. § 844 and N.C.G.S. § 90-95(a)(3). The possession of methamphetamine and the use of methamphetamine is a felony under state law. Due to the fact there is probable cause to believe that Defendant has committed a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions would assure that Defendant would not pose a danger to the safety of any other person or the community.

There has been shown by clear and convincing evidence that Defendant violated other conditions of release in that it has been shown by clear and convincing evidence that Defendant violated the term and condition that states that he shall not be in possession of a narcotic drug unless it is prescribed by a licensed medical practitioner. Defendant has clearly violated this condition by possessing methamphetamine, which is a drug that is not prescribed by any licensed medical practitioner.

The undersigned has further considered the factors as set forth under 18 U.S.C. § 3142(g) and has reviewed the Pretrial Services Report (#8). The Pretrial Services Report shows that Defendant has failed to appear on multiple occasions regarding various offenses.

Due to the findings made above and considering the presumption that has been created, and further considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely that Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order revoking the unsecured bond and the terms of

pretrial release previously issued in this matter and entering an order detaining Defendant.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: November 29, 2016

Dennis L. Howell
United States Magistrate Judge